UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2006-E, MORTGAGE-BACKED CERTIFICATES, SERIES 2006-E, | ) ) ) ) ) | 13-cv-1244 |
| Plaintiff, | ) ) | Judge Sharon Johnson Coleman |
| v. | ) ) | |
| ARTHUR L. WELLS, BARBARA ANN KOENIG WELLS, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2006-E, Mortgage-Backed Certificates, Series 2006-E ("HSBC Bank") filed a mortgage foreclosure complaint against Defendants Arthur L. Wells and Barbara Anne Koenig Wells (collectively "the Wells'). HSBC Bank alleges that defendant Arthur Wells signed a note and both defendants signed a mortgage when they borrowed $280,000.00 in October 2006 and that they have now defaulted on those obligations. This matter is now before the Court on HSBC Bank's motion for summary judgment [13] and to appoint special commissioner [16]. For the reasons stated below, the Court grants HSBC Bank's motions [13 and 16].

**Background**

On October 17, 2006, Fremont Investment & Loan ("Fremont") lent Arthur L. Wells ("Mr. Wells") approximately $ 280,000.00. Mr. Wells executed a Note in favor of Fremont in exchange for receiving this money, and agreed to pay a 10.6% yearly interest rate. Mr. Wells also agreed to make monthly payments of $2,582.23 on the first day of every month beginning December 1, 2006. The Mortgage Electronic Registration System ("MERS"), as Nominee for Fremont, secured its interests in the Note by filing a Mortgage with the Cook County Recorder on September 20, 2007, covering the property described as: THE SOUTH ½ OF THE NORTH ½ OF LOT 5 IN BLOCK 11 IN W.F. KAISER AND COMPANY'S ADDISON HEIGHTS SUBDIVISION OF THE SOUTH ½ OF THE NORTH WEST ¼ OF SECTION 18, TOWNSHIP 40 NORTH, RANGE 13 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK

1

COUNTY, ILLINOIS. The property is more commonly known as 3608 N. Nottingham Avenue, Chicago, IL 60634. The mortgage was signed by both Mr. and Mrs. Wells.

On February 14, 2008, MERS, as Nominee for Fremont, recorded an assignment of the mortgage back to Fremont, who subsequently assigned the mortgage to HSBC Bank. HSBC Bank possesses all of Fremont's interests in the property pursuant to the mortgage and note. The mortgage provides that the note is fully secured, stating that:

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.

The mortgage provides further that:

> If [after notice] the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Under the mortgage, the Wells' were also required to pay taxes, insurance, and any other escrow items that applied. From September 1, 2012 through the present, the Wells' have failed to make payments resulting in an outstanding balance of $476,816.02 as of February 14, 2013 with interest accruing on the unpaid principal balance at $8.35 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses of $2,144.00 incurred by the Wells' as a result of their default.[1] HSBC Bank filed this action for foreclosure on February 15, 2013. HSBC Bank filed a motion for summary judgment on November 12, 2013. The Wells' have failed to file a response to the motion for summary judgment.

**Legal Standard**

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard places the initial burden on the moving party to identify those portions of the record that

---

[1] In HSBC Bank's statement of facts there is a typo indicating that the outstanding balance totals $476,81.02. The Court refers to the Affidavit of Debt filed in support of HSBC Bank's statement of facts stating that the total indebtedness due and in default as of February 14, 2013 totals $476,816.02.

"it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 447 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (internal quotes omitted). Typically, all inferences drawn from the facts must be construed in favor of the non-movant, but the Court is not required to draw every conceivable inference from the record. *Smith v. Hope School,* 560 F.3d 694, 699 (7th Cir. 2009). Where the non-moving party has failed to respond to the motion for summary judgment, the Court departs from its usual posture of construing all facts in favor of the non-moving party; rather, the Court accepts as true all material facts contained in the moving party's statement of undisputed material facts. *Johnson v. Gudmundsson,* 35 F.3d1104, 1108 (7th. Cir. 1994) (internal citations omitted). However, "even if the opposing party completely fails to respond to a summary judgment motion, . . . the court still must ascertain that judgment is proper 'as a matter of governing law.'" *Id.* at 1112.

**Discussion**

The Wells' failure to respond to HSBC Bank's motion for summary judgment allows this Court to accept as true all material facts contained in HSBC Bank's statement of undisputed material facts. L.R. 56.1(b)(3)(C)("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party"). This suit is based on a contract, the interpretation of which is an issue of law to which summary judgment is well-suited if the terms are clear and unambiguous. *Lewitton v. ITA Software, Inc.,* 585 F.3d 377, 379-80 (7th Cir. 2009). Here, the mortgage provides that HSBC Bank is entitled to the repayment of the debt evidenced by the note with interest, payment of "all other sums, with interest" and the debtors' performance of their covenants and agreements under the mortgage and note.

The Wells' are in default on their mortgage and note, and as of February 14, 2013 they owe a total of $476,816.02 with unpaid interests accruing at a rate of $8.35 per day thereafter. In addition to establishing HSBC Bank's entitlement to repayment of the debt, the mortgage also provides that if the debtors breach the agreement, HSBC Bank "may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding." The mortgage also states that HSBC Bank may collect its "expenses incurred in pursing the remedies . . . including, but not limited to, reasonable attorney's fees and costs of title evidence."

The Court finds that the Wells' have breached their agreement under the mortgage and note, and are in default. HSBC Bank has exercised its right to require payment of the debt, as well as to recover its expenses and attorney's fees. There is no dispute as to the evidence or the legal conclusions to be drawn therefrom. Accordingly, the Court finds that HSBC Bank is entitled to summary judgment and an order of foreclosure.

**Conclusion**

HSBC Bank's motion for summary judgment and order of foreclosure is granted. HSBC Bank's motion to appoint a special commissioner is also granted.

IT IS SO ORDERED.

Date: April 7, 2014

Sharon Johnson Coleman
United States District Judge